IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS AUGUSTINE,

    Plaintiff,                      CIV. NO. S-11-1834 JAM CKD PS

    vs.

JP MORGAN CHASE BANK, N.A., et al.,

    Defendants.                 ORDER AND
                                            FINDINGS AND RECOMMENDATIONS
_____/

        This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). On August 16, 2011, defendants filed a motion to dismiss. The motion was noticed to be heard on September 21, 2011.

        On September 7, 2011, because plaintiff had not filed either an opposition or a statement of non-opposition to the motion, but requested an extension of time to file opposition, the undersigned continued the hearing on the motion to dismiss and directed plaintiff to file an opposition to the motion, or a statement of non-opposition thereto, no later than October 12, 2011. Plaintiff was advised that failure to file an opposition would be deemed a statement of

\\\\

1

non-opposition to the pending motion and would result in a recommendation that this action be dismissed.

Plaintiff again did not timely file opposition and the court accordingly recommended the action be dismissed for lack of prosecution. Twelve days after the time set for filing opposition, plaintiff filed an opposition which does not address the grounds raised in defendants' motion to dismiss. However, the court will vacate the previous findings and recommendations and address defendants' motion to dismiss on the merits.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Defendants have requested judicial notice of documents related to the matters at issue (dkt. no. 9). Defendants' request for judicial notice will be granted pursuant to Federal Rule of Evidence 201. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings).

In this action, plaintiff raises claims relating to a foreclosure under a deed of trust. Defendants move to dismiss under Federal Rule of Civil Procedure 19(a)(1)(B)(ii) because the co-borrower, Kitty Ann Augustine, is a necessary party and has not joined in the action. Defendants' Request for Judicial Notice (DRJN), Exh. 1. That contention is well taken.

However, because plaintiff fails to address this issue in the opposition, it is not apparent whether joinder of this person would deprive this court of diversity jurisdiction, which is the alleged basis of subject matter jurisdiction. The court will therefore not recommend dismissal on this ground.

Defendants also contend plaintiff's claims are subject to dismissal because plaintiff has not alleged that he can tender the sum owed under the deed of trust. This contention is dispositive. Plaintiff neither alleges tender in the complaint nor contends in opposition that he can do so. As such, plaintiff's claims predicated on alleged procedural irregularities in the nonjudicial foreclosure cannot lie. See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) ("Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the indebtedness"); see also Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'") (citing Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112 (1971)). The motion to dismiss should therefore be granted.

Also named as a defendant in this action is Quality Loan Service Corporation. The court finds dismissal of this remaining defendant is also warranted. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho

1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).  Here, the claims against the remaining defendant are the same as against the moving defendants and the failure of tender is equally fatal.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 14, 2011 are vacated; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (dkt. no. 8) be granted;

2. This action be dismissed; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
augustine.57